Frank Du CHARME, Plaintiff–
counter–defendant–
Appellant,

v.

INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS; Cecil Wynn, Defendants–Appellees,

International Brotherhood of Electrical Workers, Local 45, Defendant–
counter–claimant–Appellee.

No. 99–16310.
D.C. No. CV–98–03440–CW.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 15, 2001.

Decided March 26, 2001.

MEMORANDUM *

Appellees contend that Du Charme was a union officer whose terms of employ-

* This disposition is not appropriate for publication and may not be cited to or by the courts

ment were embodied in IBEW's constitution and Local 45's bylaws. The notice of removal does not allege that Du Charme is a member of the IBEW or Local 45 or that his employment is covered by a collective bargaining agreement. In their answers to the complaint, IBEW and Local 45 admitted that Du Charme was neither an officer nor an executive board member of the IBEW or Local 45. Under the doctrine of judicial admissions, "stipulations and admissions in the pleadings are generally binding on the parties and the Court. Not only are such admissions and stipulations binding before the trial court, but they are binding on appeal as well." *American Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir.1988) (quoting *Ferguson v. Neighborhood Housing Services*, 780 F.2d 549, 551 (6th Cir.1986)).

Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a), completely preempts "most state-law actions that require interpretation of labor agreements." *Balcorta v. Twentieth Century–Fox Film Corp.*, 208 F.3d 1102, 1108 (9th Cir.2000) (citation omitted). Though a union's constitution and bylaws are labor agreements for purposes of § 301, *Ackley v. Western Conference of Teamsters*, 958 F.2d 1463, 1476–77 (9th Cir.1992), the mere fact that IBEW's constitution and Local 45's bylaws advert to the position of assistant business manager is insufficient to require "interpretation" of those agreements, particularly in the absence of any evidence that Du Charme was a union member or officer. *See Balcorta*, 208 F.3d at 1108–09. Appellees have failed to overcome the "strong presumption against removal jurisdiction" by failing to demonstrate that Du Charme's employment was subject to the terms of IBEW's constitution or Local 45's bylaws. *Gaus v. Miles,*

*Inc.*, 980 F.2d 564, 566 (9th Cir.1992) (internal quotation marks omitted). Accordingly, the district court erred in denying Du Charme's motion for remand.

The judgment in favor of Appellees is reversed. We remand with instructions for the district court to remand this action to the Superior Court of the State of California, County of San Mateo.

REVERSED AND REMANDED.

---

of this circuit except as may be provided by 9th Cir. R. 36–3.

